■ LEO LACROIX et al., Plaintiffs, v J. MIGLIORE CONSTRUCTION COMPANY, INC., Defendant and Third-Party Plaintiff-Respondent. PINE HILL CONCRETE MIX CORPORATION, INC., Third-Party Defendant-Appellant.—Order insofar as appealed from unanimously reversed on the law without costs and third-party defendants' motion granted, in accordance with the following memorandum: The court erred in denying the motion of third-party defendant Pine Hill for summary judgment dismissing the common-law and contractual indemnification causes of action of defendant and third-party plaintiff Migliore. Plaintiff, a cement truck driver employed by Pine Hill, Migliore's subcontractor, was injured when he tripped and fell in a cement form at a sidewalk construction site supervised by Migliore, the general contractor.

Pine Hill moved for summary judgment on the ground that it was not negligent and thus could not be held liable on Migliore's third-party causes of action seeking contractual and common-law indemnification. In opposition to Pine Hill's motion for summary judgment, Migliore submitted its attorney's affidavit stating, in conclusory fashion, that Pine Hill was negligent in failing to instruct plaintiff properly regarding delivery of concrete to a construction site. However, plaintiff's unrefuted deposition testimony was that he had been trained by an experienced driver and was himself an experienced driver. In any event, the evidence adduced on the motion established that plaintiff was injured while under the exclusive supervision and control of Migliore while responding to specific instructions from Migliore's foreman. Because there is no showing of negligence by Pine Hill, there is no basis for common-law indemnification (see, *Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 125 AD2d 754; *Twitchell v Town of Pittsford*, 106 AD2d 903, 905, *affd* 66 NY2d 824; *Mauro v McCrindle*, 70 AD2d 77, 81, *affd* 52 NY2d 719).

Similarly, Migliore's cause of action for contractual indemnity should have been dismissed. Pine Hill need not indemnify Migliore for Migliore's negligence (General Obligations Law § 5-322.1). Since the evidence established that neither Pine Hill nor any third party engaged in any negligent conduct which caused or contributed to the accident, Pine Hill cannot be liable to Migliore on its contractual indemnity claim (see, *Magrath v Migliore Constr. Co.*, 139 AD2d 893). (Appeal from order of Supreme Court, Erie County, Wolfgang, J.—dismiss complaint.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.