■ CRAIG M. SCHMEER, Appellant, v COUNTY OF MONROE et al., Respondents and Third-Party Plaintiffs-Respondents. JOHN P. BELL & SONS, INC., Third-Party Defendant-Respondent.—Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted summary judgment to defendants dismissing plaintiff's cause of action alleging a violation of Labor Law § 240 (1) because absolute liability under that section may be imposed only upon a showing that the injured worker fell from an elevated work surface or was struck by an object falling from a elevated work surface. Neither occurred here *(see, Staples v Town of Amherst,* 146 AD2d 292, 293; *Siragusa v State of New York,* 117 AD2d 986, *lv denied* 68 NY2d 602).

Supreme Court properly denied plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 241 (6) cause of action because, contrary to plaintiff's argument, a violation of certain regulations or administrative rules adopted pursuant to the authorization of Labor Law § 241 (6), even if admitted by defendants, does not establish negligence as a matter of law but is "merely some evidence to

be considered on the question of a defendant's negligence and lacks the force and effect of a substantive legislative enactment" *(Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 522; *see also, Long v Forest-Fehlhaber,* 55 NY2d 154, 160-161). Liability under Labor Law § 241 (6) is not self-executing but "require[s] reference to outside sources to determine the standard by which a defendant's conduct must be measured" *(Zimmer v Chemung County Performing Arts, supra,* at 523). (Appeal from Order of Supreme Court, Monroe County, Affronti, J.—Summary Judgment.) Present—Boomer, J. P., Pine, Balio, Lawton and Davis, JJ.