DONALD STIMSON et al., Plaintiffs, v LAPP INSULATOR COMPANY et al., Defendants and Third-Party Plaintiffs. HANEY ERECTION SERVICES, INC., Third-Party Defendant-Appellant-Respondent; NORCON STEEL CORPORATION, Third-Party Defendant-Respondent-Appellant.—Order unanimously affirmed without costs. Memorandum: Lapp Insulator Company hired Manning-Squires-Hennig Co., Inc. to raise the roof on a portion of Lapp's buildings. Manning subcontracted with Norcon

Steel Corporation for the fabrication of structural steel for the project. Norcon subcontracted with Haney Erection Services, Inc. for the erection of the steel. Plaintiff, an employee of Haney, was injured when the ladder on which he was working collapsed and he fell to the roof below.

The IAS Court properly granted Norcon's motion for summary judgment on its claim for common-law indemnification against Haney. Norcon did not exercise any control over plaintiff or the work site and was not physically present at the work site when the accident occurred. Plaintiff testified that he received direction only from his superiors at Haney and did not see any representatives from Norcon at the work site at any time. The proof is uncontroverted that Haney "controlled and directed the performance of plaintiff's work" and therefore had an obligation "to protect its own employee from the foreseeable risks of the accident which occurred" (*Conway v New York State Teachers' Retirement Sys.*, 141 AD2d 957, 959). Our decision in *LaCroix v Migliore Constr. Co.* (142 AD2d 980) does not compel a different result. There, the general contractor exercised exclusive control and supervision of the plaintiff when he was injured; therefore, it was not entitled to common-law indemnification against the subcontractor.

The IAS Court properly denied Norcon's motion for summary judgment on its claim for contractual indemnification against Haney. The contract provides for indemnification only for any negligent act or omission on Haney's part and there is no proof of Haney's negligence. (Appeal from Order of Supreme Court, Genesee County, Morton, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Boehm and Davis, JJ.