■ ROBERT J. GILLMORE et al., Respondents, v DUKE/FLUOR DANIEL et al., Appellants, and Third-Party Plaintiffs-Appellants. COMBUSTION ENGINEERING, INC., Third-Party Defendant-Respondent. [634 NYS2d 588] —Order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Robert J. Gillmore (plaintiff), an employee of Combustion Engineering, Inc., fell from a ladder at a construction site and was injured. He sought partial summary judgment on liability under Labor Law § 240 (1) against the owner and general contractor, Salt City Energy Venture, L.P. (Salt City) and Duke/Fluor Daniel (Duke), respectively. Those defendants brought a third-party action against Combustion Engineering alleging that they were entitled to contractual indemnification and asserting that, "[i]f any of [plaintiff's] damages * * * were caused other than by plaintiff's own negligence and/or culpable conduct, they were caused by reason of the negligence, carelessness, recklessness and breach of contract of and by the third-party defendant, Combustion Engineering." They demanded indemnity or contribution against Combustion Engineering.

Duke and Salt City cross-moved, *inter alia,* for summary judgment on contractual and common-law indemnification. The only opposition on behalf of Combustion Engineering is an attorney's affidavit that does not address the merits. After argument of the motion, Supreme Court orally granted plaintiffs' motion for partial summary judgment on liability, as well as defendants' cross motions to dismiss the complaint against improperly sued parties and to amend the third-party complaint to add Salt City as a third-party plaintiff. Those aspects of the order were not appealed.

In a written decision on the indemnification issues, the court noted that the finding that plaintiff is entitled to partial summary judgment under Labor Law § 240 (1) renders Salt City only vicariously liable. It held that, in the absence of proof that the liability of either Salt City or Duke was other than vicarious, they were entitled to a conditional judgment of liability for common-law indemnification but that the right to common-law indemnification would not be certain "until such time as a finder of fact may return a verdict of negligence on the part of Combustion [Engineering] with regard to plaintiff's injuries."

With respect to contractual indemnification, the court found

that Combustion Engineering had not raised an issue of fact whether Salt City or Duke were negligent, so as to bar contractual indemnification pursuant to General Obligations Law § 5-322.1, but that the contract provided for contractual indemnification, *inter alia,* for Combustion Engineering's negligence, which had yet to be established.

On appeal, Duke and Salt City contend that they are entitled to both forms of indemnification. They contend that contractual indemnification is uniformly granted in New York where there is no negligence on the part of the owner or general contractor. While it is clear that contractual indemnification is permissible where there is no finding of negligence on the part of the owner or general contractor *(see, Brown v Two Exch. Plaza Partners,* 76 NY2d 172, 175), it is elementary that the right to contractual indemnification depends upon the specific language of the contract. In this case, unlike those relied on by Salt City and Duke, the language requires indemnification "caused by or arising out of the negligence, strict liability, wilful misconduct or other legal liability" of Combustion Engineering or any of its subcontractors. Thus, the court properly held that Salt City and Duke had failed to meet their burden of establishing their entitlement to judgment for contractual indemnification as a matter of law *(see, Baskewicz v Rochester Gas & Elec. Corp.,* 217 AD2d 922). Contrary to the contention of the dissent, defendants and third-party plaintiffs are not entitled to contractual indemnification on the ground that Combustion Engineering is "strictly liable" under Labor Law § 240 (1). They did not argue that theory of liability in Supreme Court nor do they argue it on appeal, and, in any event, it is precluded by the Worker's Compensation Law.

With respect to common-law indemnification, the Court of Appeals held more than 20 years ago that an owner or general contractor who is held strictly liable under Labor Law § 240 (1) is entitled to full indemnification from the party actually responsible for the incident *(Kelly v Diesel Constr. Div.,* 35 NY2d 1, 4-7). That case was decided upon a jury determination that the accident was due solely to the third-party defendant's negligence. The Court of Appeals has never expressly addressed the issue of an indemnitor's negligence as a prerequisite for common-law indemnification.

Common-law indemnification exists pursuant to a contract implied in law and is rooted in equity; it is a device to prevent unjust enrichment *(McDermott v City of New York,* 50 NY2d 211, 216-217, *rearg denied* 50 NY2d 1059). "Implied indemnity is frequently employed in favor of one who is vicariously liable

for the tort of another *(see, e.g., Rogers v Dorchester Assoc.,* 32 NY2d 553), but the principle is not so limited and has been invoked in other contexts as well [citations omitted]. Nonetheless, 'an indemnity cause of action can be sustained only if the third-party plaintiff and the third-party defendant have breached a duty to plaintiff and also if some duty to indemnify exists between them' *(Garrett v Holiday Inns* [86 AD2d 469, 471, *mod on other grounds* 58 NY2d 253])" *(Rosado v Proctor & Schwartz,* 66 NY2d 21, 24).

We held in *Stimson v Lapp Insulator Co.* (186 AD2d 1052, 1053) that common-law indemnification was properly granted against the employer of the injured plaintiff because the subcontractor who hired the employer "did not exercise any control over plaintiff or the work site and was not physically present at the work site when the accident occurred. Plaintiff testified that he received direction only from his superiors at [his employer] and did not see any representatives from [the subcontractor] at the work site at any time." We further stated, "The proof is uncontroverted that [the employer] 'controlled and directed the performance of plaintiff's work' and therefore had an obligation 'to protect its own employee from the foreseeable risks of the accident which occurred' *(Conway v New York State Teachers' Retirement Sys.,* 141 AD2d 957, 959)" *(Stimson v Lapp Insulator Co., supra,* at 1053).

It is clear that in *Stimson* there was no showing of negligence by the indemnitee and that the failure to protect the employee constituted a breach of duty owed by the employer to the employee and constituted fault sufficient for the imposition of common-law indemnification. The fact that negligence must be proved for the imposition of contractual indemnification under *the contract at issue here,* but that it is not necessary for common-law indemnification, is logical because fault is a broader concept than negligence. While a finding of negligence would support common-law indemnification, it is not a prerequisite.

Thus, although summary judgment on common-law indemnification was properly conditional *(see, e.g., Allman v Ciminelli Constr. Co.,* 184 AD2d 1022, 1023), the court erred in conditioning it upon a finding of negligence by Combustion Engineering in the absence of any allegation by Combustion Engineering that defendants and third-party plaintiffs were negligent and any denial by Combustion Engineering that it supervised and controlled plaintiff's work.

Rather, the court should have conditioned summary judgment on common-law indemnification on the payment of a

judgment by the parties seeking indemnification *(see, McCabe v Queensboro Farm Prods.,* 22 NY2d 204, 208; *Schwalm v County of Monroe,* 158 AD2d 994; Siegel, NY Prac § 159, at 240 [2d ed]). That common-law right of indemnification against Combustion Engineering also encompasses the right of defendants and third-party plaintiffs to recover attorneys' fees, costs and disbursements incurred in their defense of plaintiffs' action, but not the legal expenses incurred in prosecuting the third-party action for indemnification *(see, Chapel v Mitchell,* 84 NY2d 345, 347-348).

We modify the order on appeal, therefore, by deleting that portion of the first ordering paragraph that conditions common-law indemnification on a finding of negligence by Combustion Engineering, and by instead conditioning common-law indemnification upon the payment by defendants and third-party plaintiffs of a judgment and their attorneys' fees, costs and disbursements incurred in their defense of plaintiffs' action.

All concur except Fallon, J., who dissents in part in accordance with the following Memorandum.

Fallon, J. (dissenting in part). I dissent in part. In my view, defendants and third-party plaintiffs were entitled to contractual as well as common-law indemnification because they established that Combustion Engineering was "strictly liable" under the terms of the indemnification agreement *(see,* Labor Law § 240 [1]). (Appeals from Order of Supreme Court, Onondaga County, Major, J.—Indemnification.) Present—Pine, J. P., Fallon, Wesley, Doerr and Davis, JJ.