■ CHERI L. SAVIGNY, Appellant, v MARRANO/MARC EQUITY CORPORATION, Respondent and Third-Party Plaintiff-Appellant. TRS HEATING & AIR CONDITIONING, Third-Party Defendant-Respondent. [634 NYS2d 592] —Order unanimously modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: Supreme Court erred in denying plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) cause of action. The record establishes that plaintiff fell from a stepladder while installing duct work at the job site. It is undisputed that no safety devices were provided at the job site. Defendant Marrano/Marc Equity Corporation (Marrano), as owner of the property is, therefore, absolutely liable for plaintiff's injuries *(see, Heath v Soloff Constr.,* 107 AD2d 507, 510-511; *see also, Haimes v New York Tel. Co.,* 46 NY2d 132, 137). Contrary to the assertions of her employer, third-party defendant, TRS Heating & Air Conditioning (TRS), plaintiff was not a recalcitrant worker. "The mere failure by plaintiff to follow safety instructions does not render plaintiff a recalcitrant worker" *(Young v Syroco, Inc.,* 217 AD2d 1011, 1012).

The court further erred in denying the cross motion of Marrano for contractual and common-law indemnification against TRS. The record establishes that Marrano was only vicariously liable under the Labor Law and is therefore entitled to common-law indemnification from TRS, which actually supervised, directed and controlled the work giving rise to plaintiff's injury *(see, Chapel v Mitchell,* 84 NY2d 345, 347; *see also, Gillmore v Duke/ Fluor Daniel,* 221 AD2d 938 [decided herewith]; *Nappo v Menorah Campus,* 216 AD2d 876).

The contract between Marrano and TRS required TRS to indemnify Marrano for any injuries "arising out of performance of the work under this contract including injuries to persons". Marrano established by proof in evidentiary form that the injuries of plaintiff arose out of her performance of the work of the contract and that Marrano was not negligent. General Obligations Law § 5-322.1 is not applicable and Marrano is entitled to a conditional judgment of indemnification

against TRS under the terms of the contract *(see, Brown v Two Exch. Plaza Partners,* 76 NY2d 172, 179-180; *cf., Gillmore v Duke/ Fluor Daniel, supra).*

We, therefore, modify the order on appeal by granting plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) cause of action and by granting Marrano's cross motion for a conditional judgment against TRS based upon contractual and common-law indemnification. (Appeals from Order of Supreme Court, Erie County, Notaro, J.—Labor Law.) Present—Pine, J. P., Fallon, Wesley, Doerr and Davis, JJ.