■ NICHOLAS S. GERMANOVICH, Plaintiff, v BETHLEHEM STEEL CORPORATION et al., Defendants. BETHLEHEM STEEL CORPORATION et al., Third-Party Plaintiffs-Appellants, v ARRIC CORPORATION, Third-Party Defendant-Respondent. [668 NYS2d 142] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In this Labor Law action, Supreme Court erred in using the effective date of the Omnibus Workers' Compensation Reform Act of 1996 (L 1996, ch 635, § 2) to limit the right of defendants and third-party plaintiffs to common-law indemnification from third-party defendant (*see, Matie v Sealed Air Corp.*, 242 AD2d 863). In the absence of proof in admissible form that the liability of defendants and third-party plaintiffs was other than vicarious, each is entitled to a conditional judgment against third-party defendant for common-law indemnification (*see, Gillmore v Duke/Fluor Daniel*, 221 AD2d 938, 939-940). We modify the order, therefore, by deleting (1) the second and third ordering paragraphs and (2) that portion of the first ordering paragraph that grants defendants and third-party plaintiffs common-law indemnification "up to the date of September 10, 1996", and by conditioning common-law indemnification upon the payment by defendants of a judgment and their attorneys' fees, costs and disbursements incurred in their defense of plaintiff's action (*see, Gillmore v Duke/Fluor Daniel, supra,* at 940-941). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Indemnification.)

Present—Green, J. P., Lawton, Wisner, Callahan and Balio, JJ.