■ THOMAS AUGELLO, Respondent, v 20166 TENANTS CORP. et al., Defendants, and NEIC, INC., et al., Appellants and Third-Party Plaintiffs, et al., Third-Party Defendants. (And Another Third-Party Action.) [673 NYS2d 664] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered October 23, 1997, which, to the extent appealed from, denied defendants-appellants' motion for summary judgment dismissing plaintiff's Labor Law § 240 (1) and § 241 (6) claims; and, order, same court and Justice, entered on or about April 3, 1997, which, *inter alia*, granted plaintiff's motion for partial summary judgment as to liability on his Labor Law § 240 (1) claim against the owner, lessees and general contractor, unanimously affirmed, without costs.

Plaintiff was severely injured while working at a construction site when his hand was hit by a falling pulley assembly. The accident was clearly within the remedial scope of Labor Law § 240 (1) since the falling pulley assembly had not been properly secured (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501). Under these circumstances, plaintiff's motion for summary judgment upon his Labor Law § 240 (1) claim was properly granted. In addition, the regulations cited by plaintiff, requiring, *inter alia*, that pulley blocks and/or similar devices be securely fastened or used with safety hooks (*see, e.g.*, 12 NYCRR 23-6.2 [c]), were sufficiently concrete in their specifications to support plaintiff's Labor Law § 241 (6) cause of action (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d, *supra*, at 505). We have reviewed defendants-appellants' other arguments and find them to be without merit. Concur—Milonas, J. P., Wallach, Tom, Mazzarelli and Saxe, JJ.