■ ENZO SACCHETTI, Respondent, v VASILE CONSTRUCTION CORP., Appellant-Respondent, et al., Defendants. AHEPA 67, INC., Third-Party Plaintiff, v TAMBE ELECTRIC, INC., Third-Party Defendant. HENRIETTA BUILDING SUPPLIES, Fourth-Party Plaintiff-Respondent, v TAMBE ELECTRIC, INC., Fourth-Party Defendant-Appellant. [678 NYS2d 198] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced the instant action to recover for injuries he allegedly sustained during the construction of a senior citizen housing project. Defendant Vasile Construction Corp. (Vasile), the general contractor, moved for summary judgment against, *inter alia*, plaintiff dismissing the complaint, and plaintiff cross-moved for partial summary judgment on, *inter alia*, Vasile's liability pursuant to Labor Law § 241 (6). Supreme Court denied the motion and granted the cross motion.

On appeal, Vasile contends that the court erred in determining that it is liable to plaintiff pursuant to Labor Law § 241 (6) irrespective of the existence of factual issues with regard to negligence and comparative negligence. We agree. The violation of specific provisions of the Industrial Code, even if proven, "does not establish negligence as a matter of law but is 'merely some evidence to be considered on the question of a defendant's negligence'" (*Schmeer v County of Monroe*, 175 AD2d 633, 633-634, quoting *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 522, *rearg denied* 65 NY2d 1054; *see, Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 349; *Irwin v St. Joseph's Intercommunity Hosp.*, 236 AD2d 123, 131). Further, Vasile has raised comparative negligence as a defense, and factual issues remain with respect to that defense (*see, Irwin v St. Joseph's Intercommunity Hosp., supra*, at 132; *Drago v New York City Tr. Auth.*, 227 AD2d 372, 373; *cf., Rodriguez v City of New York*, 232 AD2d 621; *Mendoza v Cornwall Hill Estates*, 199 AD2d 368, 369). We therefore modify the order by denying that part of plaintiff's cross motion seeking partial summary judgment on Vasile's liability pursuant to Labor Law § 241 (6).

The court properly denied that part of the cross motion of plaintiff's employer, third- and fourth-party defendant Tambe Electric, Inc. (Tambe), for summary judgment dismissing the contribution and common-law indemnification claims of Vasile and defendant and fourth-party plaintiff against it. Tambe failed to meet its initial burden of establishing its entitlement to judgment as a matter of law (*see*, CPLR 3212 [b]; *Malecki v Wal-Mart Stores*, 222 AD2d 1010; *Gillmore v Duke/Fluor Daniel*, 221 AD2d 938, 940; *Stimson v Lapp Insulator Co.*, 186

AD2d 1052, 1053). (Appeals from Order of Supreme Court, Monroe County, Calvaruso, J.—Summary Judgment.) Present—Green, J. P., Wisner, Pigott, Jr., Balio and Boehm, JJ.