■ JAMES FISHER, Appellant, v BROWN GROUP, INC., Respondent and Third-Party Plaintiff. ASBESTOS REMOVAL SERVICES, INC., Third-Party Defendant-Respondent. [683 NYS2d 773] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied the motion of plaintiff for partial summary judgment on defendant's liability under Labor Law § 241 (6). Contrary to plaintiff's contention, the violation of a specific provision of the Industrial Code, even if admitted by defendant, "does not establish negligence as a matter of law but is 'merely some evidence to be considered on the question of a defendant's negligence'" (*Schmeer v County of Monroe*, 175 AD2d 633, 633-634, quoting *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 522, *rearg denied* 65 NY2d 1054; *see, Sacchetti v Vasile Constr. Corp.*, 254 AD2d 777; *Ir-*

*win v St. Joseph's Intercommunity Hosp.*, 236 AD2d 123, 131). We reject plaintiff's contention that defendant and third-party defendant should be precluded from introducing evidence of plaintiff's comparative negligence at trial. Comparative negligence is a valid defense to a Labor Law § 241 (6) cause of action (*see, Long v Forest-Fehlhaber*, 55 NY2d 154, 161, *rearg denied* 56 NY2d 805). Defendant raised comparative negligence as a defense, and the factual issues with respect to that defense should be resolved at trial (*see, Sacchetti v Vasile Constr. Corp., supra; Irwin v St. Joseph's Intercommunity Hosp., supra*, at 132; *see also, Giraldez v City of New York*, 214 AD2d 461, 462).

The court properly granted the cross motion of defendant for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action. Defendant established that the dangerous condition arose from the methods of plaintiff's employer and that defendant exercised no supervisory control over the work being performed (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *Lombardi v Stout*, 80 NY2d 290, 295). Defendant's mere presence at the worksite is insufficient to impose liability under Labor Law § 200 (*see, Lysiak v Murray Realty Co.*, 227 AD2d 746, 749; *Pazmino v Woodside Dev. Co.*, 212 AD2d 520, 521).

The court also properly denied plaintiff's motion *in limine* to preclude defendant and third-party defendant from introducing evidence related to plaintiff's injuries and damages (*cf., Kish v Board of Educ.*, 76 NY2d 379, 385-386). (Appeal from Order of Supreme Court, Erie County, Howe, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Callahan, Balio and Boehm, JJ.