■ ROBERT A. PUCKETT et al., Appellants-Respondents, v COUNTY OF ERIE et al., Respondents-Appellants. COUNTY OF ERIE et al., Third-Party Plaintiffs, v COLLANA BROTHERS CONSTRUCTION COMPANY, INC., Third-Party Defendant-Respondent-Appellant. (Appeal No. 1.) [693 NYS2d 780] —Order unanimously modified on the law and as modified affirmed without costs in accordance with following Memorandum: This action arises from a work-related accident at Rich Stadium in Orchard Park during the course of a renovation project. Robert A. Puckett (plaintiff) was injured when a 13,000-pound EFCO steel plate fell from the cherry picker-type crane he was operating and crushed the cab. The accident occurred while plaintiff was hoisting the 50-foot by 20-foot steel plate an inch or two off the ground so that it could be turned over and oiled. Before it was hoisted, the steel plate lay flat on the ground. It was attached to the 15-ton crane at two lifting points with two sets of spreader cables of unequal length. A chain, which had lifting capacity of between 6,000 and 6,500 pounds, was used to equalize the length of the spreader cables. The load, however, was improperly rigged so that, when the steel plate was hoisted, its full weight came to bear on that chain.

Plaintiff's first attempt to hoist the steel plate was unsuc-

cessful because it became snagged. On the second attempt, he successfully hoisted the steel plate on its edge so that it was raised and in a vertical position, perpendicular to the ground, with one side touching the ground. As he hoisted the steel plate off the ground, the chain broke and the steel plate fell to the ground and toppled over onto the crane, crushing the cab and injuring plaintiff.

Supreme Court properly granted defendant Donald J. Braasch Construction, Inc. (Braasch) and third-party defendant summary judgment dismissing the Labor Law § 240 (1) cause of action. The steel plate was never elevated at a level higher than plaintiff, and the work of maneuvering the steel plate was performed at approximately the same level where plaintiff was positioned. "While the force of gravity may have caused the steel plate to fall as it was being moved * * * the steel plate was * * * hovering slightly above the ground. The steel plate was not elevated above the work site. Thus, it could not be said that the statute was implicated" (*Melo v Consolidated Edison Co.,* 92 NY2d 909, 911). To the extent that *Smith v Benderson* (225 AD2d 1073) is to the contrary, it is no longer to be followed.

The court erred, however, in granting plaintiffs partial summary judgment on the Labor Law § 241 (6) cause of action insofar as it is based on 12 NYCRR 23-6.2 (d) and 23-8.1 (f) (1) (iv). Violation of the Industrial Code, "even if admitted by defendants, does not establish negligence as a matter of law but is 'merely some evidence to be considered on the question of a defendant's negligence'" (*Schmeer v County of Monroe,* 175 AD2d 633, 633-634, quoting *Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 522, *rearg denied* 65 NY2d 1054). "Unlike a violation of the explicit provisions of a statute proper, a breach of an administrative rule, because it does not establish negligence as a matter of law, does not render a plaintiff's own negligence irrelevant and, therefore, unacceptable as a defense" (*Long v Forest-Fehlhaber,* 55 NY2d 154, 160, *rearg denied* 56 NY2d 805). Here, there is a sharp contrast in testimony concerning plaintiff's obligation to inspect the rigging before hoisting the steel plate. That issue of fact is relevant to the issues of proximate cause and plaintiff's alleged comparative negligence, and thus partial summary judgment was inappropriate (*see, Young v Buffalo Color Corp.,* 255 AD2d 920; *Irwin v St. Joseph's Intercommunity Hosp.,* 236 AD2d 123, 131-132; *Drago v New York City Tr. Auth.,* 227 AD2d 372, 373).

We reject the contention of Braasch and third-party defendant that 12 NYCRR 23-6.2 (d) is not sufficiently concrete to

support a Labor Law § 241 (6) cause of action. That regulation, which states that "[c]hains shall not be used as slings in hoisting operations", is not merely a general safety standard (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505; Augello v 20166 Tenants Corp., 251 AD2d 44). Braasch's further contention that the regulation is not applicable because the chain was not being used as a sling is not preserved for our review.

Finally, the court properly dismissed the Labor Law § 241 (6) cause of action insofar as it is based on 12 NYCRR 23-8.1 (b) and (e) (1) and 23-2.3 (c). Even assuming, arguendo, that those provisions are sufficiently concrete to support a Labor Law § 241 (6) cause of action, we conclude that none is implicated in this case. Subdivision (b) of 12 NYCRR 23-8.1 mandates that cranes be inspected, and subdivision (e) (1) mandates that they not be loaded beyond their rated capacity. 12 NYCRR 23-2.3 (c) requires the use of "tag lines * * * to prevent uncontrolled movement of [steel] panels or [structural steel] members." The accident was caused by the improper rigging of the steel plate for hoisting, not by a malfunction of the crane or by the uncontrolled movement of the steel plate.

We therefore modify the order in appeal No. 1 by denying plaintiffs' motion for partial summary judgment on the Labor Law § 241 (6) cause of action insofar as it is based on 12 NYCRR 23-6.2 (d). We also modify the order in appeal No. 2 by denying plaintiffs' motion for partial summary judgment on the Labor Law § 241 (6) cause of action insofar as it is based on 12 NYCRR 23-8.1 (f) (1) (iv). (Appeals from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Lawton, J. P., Wisner, Hurlbutt, Callahan and Balio, JJ.