■ George Guerra et al., Appellants, v Port Authority of New York and New Jersey et al., Respondents. [828 NYS2d 440]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated June 20, 2005, as granted those branches of the defendants' motion which were for summary judgment dismissing the plaintiffs' causes of action sounding in common-law negligence and violation of Labor Law § 200 and § 241 (6).

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the motion which were for summary judgment dismissing the plaintiffs' cause of action sounding in violation of Labor Law § 241 (6) based upon a violation of 12 NYCRR 23-6.2 (c) against each of the defendants and substituting therefor provisions denying those branches of the motion and (2) by deleting the provisions thereof granting those branches of the motion which were for summary judgment dismissing the plaintiff's causes of action sounding in common-law negligence and violation of Labor Law § 200 against the Port Authority of New York and New Jersey and V.R.H. Construction Corp., and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs payable by the defendants.

The plaintiff George Guerra (hereinafter the plaintiff), who was employed by a subcontractor, Defoe Corporation (hereinafter Defoe), was working on a construction project at John F. Kennedy International Airport to construct terminal facilities for American Airlines, Inc. (hereinafter American). American leased the premises from the defendant Port Authority of New York and New Jersey (hereinafter Port Authority). V.R.H. Torcon (hereinafter VRH) acted as the general contractor. American and VRH entered into a contractual agreement, and VRH subcontracted with Defoe to build a roadway system.

The plaintiff was injured when a chain that was swinging from a wheel loader which was used to transport barriers inadvertently lifted a barrier which then fell on his leg. The plaintiffs commenced the instant action, alleging, inter alia, common-law negligence and violations of Labor Law §§ 200 and 241 (6). The defendants moved for summary judgment dismissing the complaint and the Supreme Court granted the motion in its entirety.

In the verified bill of particulars, the plaintiffs alleged, inter alia, that the defendants violated 12 NYCRR 23-6.2 (c) and (d). Contrary to the plaintiff's contention, 12 NYCRR 23-6.2 (d) (3), prohibiting the use of defective chains, is inapplicable to this case. There is no showing that the chain itself was defective. Rather, the problem lay with the hooks. 12 NYCRR 23-6.2 (c), which requires the use of safety hooks, is sufficiently concrete in its specifications to support a cause of action pursuant to Labor Law § 241 (6) (see Puckett v County of Erie, 262 AD2d 964 [1999]; Augello v 20166 Tenants Corp., 251 AD2d 44 [1998]).

Further, the defendants failed to establish that there are no triable issues of fact with respect to the liability of all the defendants for violation of Labor Law § 241 (6) and the liability of the Port Authority and VRH for common-law negligence and violation of Labor Law § 200. Liability for common-law negligence and violation of Labor Law § 200 may be imposed upon a defendant who had the authority to control how the work was performed and had the authority to correct an unsafe condition (see Perri v Gilbert Johnson Enters., Ltd., 14 AD3d 681, 683 [2005]; Parisi v Loewen Dev. of Wappinger Falls, 5 AD3d 648 [2004]).

American should be treated as an owner or agent of an owner for purposes of Labor Law § 241 (6) (see Crespo v Triad, Inc., 294 AD2d 145 [2002]). However, American established its entitlement to judgment as a matter of law with respect to common-law negligence and violation of Labor Law § 200, and the plaintiffs failed to raise a triable issue of fact. Therefore, the

Supreme Court properly dismissed the causes of action alleging common-law negligence and violation of Labor Law § 200 insofar as asserted against American (*see Perri v Gilbert Johnson Enters., Ltd., supra* at 683). Goldstein, J.P., Skelos, Lunn and Covello, JJ., concur.