# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**831**

**CA 15-02110**

PRESENT: PERADOTTO, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

BRYAN W. CUMMINGS, PLAINTIFF-RESPONDENT,

V                                                  MEMORANDUM AND ORDER

DOO WHA SUNG, DEFENDANT-APPELLANT.

---

BARCLAY DAMON, LLP, ALBANY (JONATHAN H. BARD OF COUNSEL), FOR DEFENDANT-APPELLANT.

MARTIN J. ZUFFRANIERI, WILLIAMSVILLE, FOR PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered June 22, 2015. The order denied the motion of defendant for summary judgment dismissing the complaint and granted the cross motion of plaintiff for partial summary judgment on the issue of defendant's liability under Labor Law §§ 200 and 241 (6).

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying plaintiff's cross motion and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for the amputation of his thumb while using a table saw at defendant's house. At the time of the accident, plaintiff was working as a laborer on defendant's renovation project. We conclude that Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. With regard to the third cause of action, which alleges a violation of Labor Law § 241 (6), we conclude that defendant failed to meet his burden of establishing as a matter of law that he is entitled to the benefit of the statutory homeowner's exemption from liability, and we further conclude, in any event, that plaintiff raised a triable issue of fact. On this record, it cannot be determined as a matter of law whether defendant directed or controlled the method and manner of the work being done on the house, including the work being carried out by plaintiff at the time of the accident (*see Rodriguez v Gany*, 82 AD3d 863, 864-865; *Acosta v Hadjigavriel*, 18 AD3d 406, 406-407; *see also Pavon v Koral*, 113 AD3d 830, 831).

We likewise conclude that defendant failed to meet his burden of establishing his entitlement to judgment as a matter of law with respect to the first and second causes of action, which allege defendant's common-law negligence and violation of Labor Law § 200 in failing to provide plaintiff with a safe place to work. There are

triable issues of fact concerning whether defendant lacked the authority to direct, supervise, or control plaintiff and his work and whether defendant was free from negligence in the occurrence of the accident (*see Biscup v E.W. Howell, Co., Inc.*, 131 AD3d 996, 998; *see generally Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352-353; *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877).

In light of the triable issues of fact noted above, we further conclude that the court erred in granting plaintiff's cross motion for partial summary judgment on the issue of defendant's liability under Labor Law §§ 200 and 241 (6), and we modify the order accordingly. With respect to the latter cause of action, we note that "the violation of a specific provision of the Industrial Code, even if admitted by defendant, 'does not establish negligence as a matter of law' " (*Fisher v Brown Group*, 256 AD2d 1069, 1069), but is "merely some evidence to be considered on the question of a defendant's negligence" (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 522, *rearg denied* 65 NY2d 1054; *see Rizzuto*, 91 NY2d at 349). Further, the record evinces triable issues of fact concerning whether there was culpable conduct on the part of plaintiff and whether any violation of the Industrial Code was a proximate cause of the accident (*see Puckett v County of Erie*, 262 AD2d 964, 965; *see generally Calderon v Walgreen Co.*, 72 AD3d 1532, 1534, *appeal dismissed* 15 NY3d 900).

Conflicting evidence also precludes partial summary judgment in plaintiff's favor on the section 200 cause of action. Indeed, we note that "[n]egligence actions do not ordinarily lend themselves to summary disposition" (*Chilberg v Chilberg*, 13 AD3d 1089, 1090, citing *Ugarizza v Schmieder*, 46 NY2d 471, 475). Whether a defendant's conduct fell short of the standard of ordinary care is an issue that " 'can rarely be decided as a matter of law' " (*Ugarizza*, 46 NY2d at 475, quoting *Andre v Pomeroy*, 35 NY2d 361, 364).

Entered:  September 30, 2016                    Frances E. Cafarell
                                               Clerk of the Court