O'Mara v Ranalli (2021 NY Slip Op 00982)





O'Mara v Ranalli


2021 NY Slip Op 00982


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


1223 CA 19-02195

[*1]MICHAEL O'MARA AND CAROL O'MARA, PLAINTIFFS-APPELLANTS,
v
JAMES P. RANALLI, III, DEFENDANT-RESPONDENT, ET AL., DEFENDANT. 






SUGARMAN LAW FIRM, LLP, SYRACUSE (ADAM P. CAREY OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
BARCLAY DAMON, LLP, SYRACUSE (ALAN R. PETERMAN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered October 28, 2019. The order granted the motion of defendant James P. Ranalli, III, for summary judgment dismissing the complaint against him. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated against defendant James P. Ranalli, III.
Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Michael O'Mara (plaintiff) after he fell from an unsecured ladder at a construction site while attempting to descend from the first floor to the basement. Plaintiff was one of several contractors who James P. Ranalli, III (defendant) had hired to build a single-family residence. We agree with plaintiffs that Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint against him. We therefore reverse the order, deny the motion, and reinstate the complaint against defendant.
With respect to the Labor Law §§ 240 (1) and 241 (6) causes of action, defendant failed to meet his burden of establishing as a matter of law that he is entitled to the benefit of the statutory homeowner's exemption from liability. We conclude that defendant's own submissions, which included the depositions of plaintiff and a nonparty contractor, created issues of fact whether defendant directed or controlled the method and manner of the work being done on the house (see Cummings v Doo Wha Sung, 142 AD3d 1393, 1394 [4th Dept 2016]; cf. Dennis v Cerrone, 167 AD3d 1475, 1476 [4th Dept 2018]). At their respective depositions, plaintiff testified that defendant supplied the ladders that were used by the contractors, and the nonparty contractor testified that defendant was on site giving direction nearly every day. The nonparty contractor had asked defendant several times prior to plaintiff's accident for permission to build stairs from the basement to the first floor, insisting that it was necessary to allow for safer and easier access to the first floor. Although defendant was aware that workers had been entering the house through the basement and using a ladder to access the first floor, he refused permission to build the stairs until after plaintiff's accident, at which time defendant immediately directed the nonparty contractor to build the stairs. Such participation goes "far beyond '[a] homeowner's typical involvement in a construction project' " (Emmi v Emmi, 186 AD2d 1025, 1025 [4th Dept 1992]). Indeed, the nonparty contractor further testified that a real estate limited liability company of which defendant was a member had hired him to perform work on the construction of a six-story building, suggesting that defendant had a degree of "sophistication or business acumen" such that he was in a position to know about and insure himself against his exposure to absolute liability (Van Amerogen v Donnini, 78 NY2d 880, 882 [1991]; see Pavon v Koral, 113 AD3d 830, 831 [2d Dept 2014]).
We likewise conclude that triable issues of fact whether defendant had the authority to direct, supervise, or control plaintiff and his work preclude summary judgment with respect to the Labor Law § 200 cause of action (see Cummings, 142 AD3d at 1394).
In light of our determination, we conclude that the court also erred in granting the motion with respect to the derivative cause of action (see generally Ingutti v Rochester Gen. Hosp., 145 AD3d 1423, 1425 [4th Dept 2016]).
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court