■ James R. Edwards, Plaintiff, v International Business Machines Corporation, Defendant and Third-Party Plaintiff-Appellant. Pike-Paschen II, Defendant and Third-Party Plaintiff-Respondent-Appellant; John P. Bell & Sons, Inc., Third-Party Defendant-Respondent.—Yesawich Jr., J. Appeal from an order of the Supreme Court (Smyk, J.), entered February 2, 1990 in Broome County, which, *inter alia,* denied defendant International Business Machines Corporation's motion for summary judgment on its cross claims against defendant Pike-Paschen II and denied Pike-Paschen II's motion for summary judgment against third-party defendant.

Plaintiff, a welder and journeyman pipefitter, brought suit alleging negligence and labor law violations against defendants, International Business Machines Corporation (hereinafter IBM) and Pike-Paschen II, for personal injuries sustained when he slipped on an elevated steel beam. Thereafter, IBM and Pike-Paschen commenced third-party actions against third-party defendant, John P. Bell & Sons, Inc. (hereinafter Bell), plaintiff's employer. IBM owned the site where the accident occurred, Pike-Paschen was IBM's general contractor for the construction project and Bell had subcontracted with Pike-Paschen. Both the general construction contract and the subcontract ensured that IBM would be indemnified for any claims arising from either Pike-Paschen's or Bell's negligence. The general contract further obligated Pike-Paschen to secure owner's protective liability insurance in IBM's name; however, no such insurance was obtained for the period of time when plaintiff's accident occurred.

After discovery, IBM moved for summary judgment on its breach of contract and common-law and contractual indemnification causes of action against Pike-Paschen and Bell, and also on plaintiff's negligence cause of action. Pike-Paschen also moved to have plaintiff's negligence cause of action dismissed and requested summary judgment on its common-law and contractual indemnification causes of action against Bell. Supreme Court dismissed plaintiff's negligence cause of

action against IBM and Pike-Paschen,[1] but denied the remaining portions of the motions. IBM and Pike-Paschen have appealed.[2]

IBM should have been awarded summary judgment on its breach of contract claim against Pike-Paschen. The latter agreed to procure owner's protective liability insurance for IBM yet never did so. It is therefore liable for any resulting damages (see, Kinney v Lisk Co., 76 NY2d 215, 219). Pike-Paschen contends that IBM may have waived this obligation because prior to the commencement of the work IBM, without objection, accepted from Pike-Paschen certificates of insurance which did not identify IBM as an insured. This argument is meritless for the general contract required any waiver to be in writing. No such written waiver was ever executed.

IBM contends further that both Pike-Paschen and Bell are contractually obligated to defend and indemnify it in this action. The general contract between Pike-Paschen and IBM requires Pike-Paschen "to indemnify, defend and hold harmless IBM * * * against all claims, damages, losses and expenses * * * alleged to be caused in whole, or in part, by any negligent act or omission of [Pike-Paschen or] any subcontractor". Pike-Paschen counters that this motion is premature. It maintains that it should be given an opportunity to litigate the issue of whether IBM was indeed negligent, for if that should prove to be the case its duty to indemnify IBM would be abrogated (see generally, Brown v Two Exch. Plaza Partners, 76 NY2d 172, 178-181, citing General Obligations Law § 5-322.1). But IBM's motion presented Pike-Paschen with just such an opportunity, for in its motion papers IBM specifically urged and documented with excerpts from pertinent depositions that it was free from negligence. It demonstrated that it did not exercise any control over the construction project and that Pike-Paschen and its subcontractors were responsible for supervising the means and methods used to complete the

---

1. Plaintiff's complaint alleged both a common-law negligence cause of action and violation of Labor Law § 200, which simply codifies common-law negligence (Nagel v Metzger, 103 AD2d 1, 10). Inexplicably, only the common-law cause of action was dismissed. While this result is inconsistent, it has not been challenged on appeal.

2. IBM does not seek appellate review of Supreme Court's refusal to grant summary judgment on its common-law indemnification causes of action. In addition, although Pike-Paschen has appealed the denial of its summary judgment motion against Bell for common-law and contractual indemnification, it failed to address these issues in its brief; hence they have been deemed abandoned (see, Hutzel United States Aviation Underwriters, 132 AD2d 45, 48, n, lv denied 71 NY2d 804).

work. IBM having established that it was not negligent *(see, Conway v New York State Teachers' Retirement Sys.,* 141 AD2d 957, 959), and there being no evidence in the record to the contrary, Supreme Court was obliged to dismiss plaintiff's negligence cause of action directed at IBM. Any suggestion that IBM acted negligently with respect to plaintiff having been dispelled, summary judgment on IBM's contractual indemnification claim against Pike-Paschen should have been granted *(cf., Blair v County of Albany,* 127 AD2d 950, 951; *compare, Patenaude v General Elec. Co.,* 147 AD2d 335, 338).

Bell correctly contends that the indemnification provision in its contract requires a predicate finding that its negligence caused plaintiff's harm. The subcontract between Pike-Paschen and Bell provides that "[Bell] agrees to indemnify and hold harmless [Pike-Paschen and IBM] * * * from and against all claims, damages, losses and expenses * * * caused in whole or in part by any negligent act or omission of [Bell]". By its terms, this provision unequivocally manifests the contracting parties' intention that IBM is to be indemnified only for those losses flowing from Bell's negligence *(compare, Brown v Two Exch. Plaza Partners, supra,* at 178). Whether this contractual right of indemnification will in fact be triggered is uncertain at this point for it turns on something that is presently unknown, namely, whether Bell was negligent and, if so, whether its negligence was a proximate cause of the accident. Accordingly, Supreme Court properly denied IBM's motion seeking summary judgment against Bell *(see, Conway v New York State Teachers' Retirement Sys., supra,* at 960; *Struble v John Arborio, Inc.,* 74 AD2d 55, 57-58; *Hobbs v Scorse,* 59 AD2d 1037).

Mahoney, P. J., Casey, Mikoll and Crew III, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant International Business Machines Corporation's motion for summary judgment against defendant Pike-Paschen II for breach of contract and contractual indemnification; motion granted to that extent and defendant International Business Machines Corporation awarded summary judgment against defendant Pike-Paschen II on said causes of action; and, as so modified, affirmed.