■ Michael Allman et al., Respondents, v Frank L. Ciminelli Construction Co., Inc., et al., Appellants. A.L.P. Steel Corp. et al., Third-Party Plaintiffs-Appellants, v Contour Erection & Siding Systems, Inc., Third-Party Defendant-Respondent-Appellant.—Order unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: Plaintiff, an ironworker, slipped while walking on an icy steel beam and fell 15 feet to the ground. Partial summary judgment was properly granted against defendants on plaintiff's Labor Law § 240 (1) cause of action. Plaintiff submitted sufficient proof in admissible form

establishing both a violation of the statute and that the violation was the proximate cause of the injury *(see, Bland v Manocherian,* 66 NY2d 452). Although no one witnessed the actual fall, co-workers observed plaintiff on the beam moments before he fell and one saw him hit the ground. Defendants have not disputed plaintiff's account of how the accident occurred, and their bare assertions that the evidence is inconclusive to establish whether the accident resulted from the lack of safety devices or plaintiff's own failure to use his safety belt are insufficient to create an issue of fact *(see, Walsh v Baker,* 172 AD2d 1038; *Conway v New York State Teachers' Retirement Sys.,* 141 AD2d 957).

Although defendant Frank L. Ciminelli Construction Co., Inc. (Ciminelli) contends that Supreme Court erred in denying its motion for common-law indemnification against A.L.P. Steel Corp. (ALP), no appeal has been taken from that portion of the order. Therefore, appeal of that issue has been waived *(see, Whittaker v Cohen,* 178 AD2d 941).

Supreme Court erred, however, in denying the cross motions of Balling Construction Management, Inc. and CRSS Constructors, Inc. (Balling/CRSS), a joint venture, and of ALP seeking common-law indemnification against plaintiff's employer, Contour Erection & Siding Systems, Inc. (Contour). Balling/CRSS provided contract management services and had no authority over the contractors or of the work. Its sole responsibility was to achieve compliance with the various contracts. Although Ciminelli contracted with ALP for the structural steel fabrication and erection, ALP subcontracted the erection work to Contour and did not control or supervise Contour's work or direct construction procedures or safety measures. The contractual agreement with Ciminelli requiring ALP "to properly make safe the area of the work to prevent any person from being injured thereby" is insufficient to create a duty running from ALP to Contour's workmen *(see, Fox v Jenny Eng'g Corp.,* 122 AD2d 532, *affd* 70 NY2d 761; *see also, Bernal v Pinkerton's, Inc.,* 52 AD2d 760, *affd on mem below* 41 NY2d 938). In the absence of proof in admissible form that the liability of Balling/CRSS and ALP was other than vicarious, each is entitled to a conditional judgment against Contour for common-law indemnification *(see, Schwalm v County of Monroe,* 158 AD2d 994; *Pietsch v Moog, Inc.,* 156 AD2d 1019).

We modify the last decretal paragraph in the order to provide that the cross motions of Balling/CRSS and ALP for summary judgment based on common-law indemnity are granted and otherwise affirm. (Appeals from Order of Su-

preme Court, Erie County, Fudeman, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.