■ BARRETT R. HAYES, Plaintiff, v CRANE HOGAN STRUCTURAL SYSTEMS, Defendant and Third-Party Plaintiff-Respondent-Appellant. P.S. BRUCKEL, INC., Third-Party Defendant-Appellant-Respondent. [594 NYS2d 923] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied the cross motion by defendant and third-party

plaintiff Crane Hogan Structural Systems (Crane Hogan) for summary judgment on its third-party complaint seeking contractual indemnification, but for the wrong reason. The unambiguous language of the contract between Crane Hogan, the general contractor, and P.S. Bruckel, Inc. (Bruckel), the subcontractor, required Bruckel to indemnify Crane Hogan for all claims and damages, including attorney fees, resulting from the subcontractor's performance of work to the extent that the injury or loss was caused by a negligent act or omission of the subcontractor. Because a factual issue remains concerning whether plaintiff's injuries were caused by the subcontractor's negligence, Supreme Court properly denied Crane Hogan's cross motion for summary judgment on its cause of action for contractual indemnity *(see, Edwards v International Bus. Machs. Corp.,* 174 AD2d 863).

Summary judgment should have been granted, however, on the cause of action for common-law indemnification. It is undisputed that Crane Hogan did not supervise, direct or control the work performed by employees of the subcontractor. Moreover, Crane Hogan's retention of the right to terminate the contract constitutes, at best, a retention of general supervisory powers, which is insufficient to establish control over the specific manner of performance of the work *(see, Dewitt v Pizzagalli Constr. Co.,* 183 AD2d 991, 993). Bruckel failed to raise a triable issue on its contention that Crane Hogan had control over the subcontractor's work or that Crane Hogan's conduct contributed to the occurrence of plaintiff's injury. Thus, Crane Hogan was entitled to summary judgment on its complaint for common-law indemnification *(see, Stimson v Lapp Insulator Co.,* 186 AD2d 1052).

Crane Hogan was not entitled, however, to summary judgment on its cause of action alleging that Bruckel breached the contract by failing to name Crane Hogan as an additional insured. Although Bruckel did fail to name Crane Hogan as an additional insured, the record also indicates that Crane Hogan knew, prior to commencement of work by Bruckel, that it had not been named as an additional insured. We reject Bruckel's contention that Crane Hogan's conduct in permitting Bruckel to proceed constitutes, by itself, a waiver of that contractual requirement. Proof of waiver requires evidence of an intentional relinquishment of a known right. Because factual issues exist whether Crane Hogan's conduct was intentional or the result of neglect or inadvertence *(see, Alsens Am. Portland Cement Works v Degnon Contr. Co.,* 222 NY 34, 37;

*Beacon Term. Corp. v Chemprene, Inc.,* 75 AD2d 350, 355-356, *lv denied* 51 NY2d 706), the court should have denied summary judgment on that cause of action and should have granted Bruckel's application to amend its third-party answer to assert the affirmative defense of waiver. Thus, we modify the order to grant summary judgment in Crane Hogan's favor on the common-law indemnity cause of action, to deny summary judgment on the breach of contract cause of action and to grant leave to amend the third-party answer. (Appeals from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.