■ WILLIAM H. PATERSON, JR., Plaintiff, v GLENN J. HENNESSY, Doing Business as SUBURBAN HOMES, et al., Defendants. (Action No. 1.) WILLIAM H. PATERSON, JR., Respondent, v D & G BUILDERS, INC., Appellant and Third-Party Plaintiff-Appellant. PATRICK WHITE, Doing Business as PATRICK WHITE CONSTRUCTION, Third-Party Defendant-Respondent. (Action No. 2.) [614 NYS2d 844] —Order unanimously modified on the law and as modified affirmed with costs to third-party plaintiff in accordance with the following Memorandum: Plaintiff, while placing siding on a home under construction, fell 12 feet to the ground when the plank on which he was standing slipped off one of the ladder sections supporting it. Partial summary judgment was properly granted in his favor against the general contractor, defendant and third-party plaintiff, D & G Builders, Inc. (D & G). Plaintiff's fall and its cause are undisputed. D & G's bare assertions that the evidence was inconclusive to establish a violation of Labor Law § 240 (1) and that plaintiff was a "recalcitrant worker" are insufficient to create a question of fact *(see, Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Allman v Ciminelli Constr. Co.,* 184 AD2d 1022).

Supreme Court should have granted the cross motion of D & G against plaintiff's employer, third-party defendant, Patrick White, doing business as Patrick White Construction (White),

the subcontractor for the siding work. Periodic inspection of the progress of the work by D & G was insufficient to establish its control or supervision over the siding work or the manner of its performance *(see, Hayes v Crane Hogan Structural Sys.,* 191 AD2d 978; *Damon v Starkweather,* 185 AD2d 633). In the absence of proof that its liability was other than vicarious, D & G was entitled to summary judgment on its common-law indemnification claim against White *(see, Allman v Ciminelli Constr. Co., supra).* (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Balio, J. P., Lawton, Callahan, Doerr and Boehm, JJ.