■ ROBERT SCHULTZ, Plaintiff, v HARRISON RADIATOR DIVISION, GENERAL MOTORS CORPORATION, Defendant and Third-Party Plaintiff-Respondent. COMMERCIAL PAINTING COMPANY, Third-Party Defendant-Appellant. [619 NYS2d 1017] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly granted third-party plaintiff, Harrison Radiator Division, General Motors Corporation (Harrison), summary judgment on the issues of common-law and contractual indemnificacation. Third-party defendant, Commercial Painting Company (Commercial), failed to raise a genuine issue of fact regarding Harrison's entitlement to indemnification. It is undisputed that Harrison did not exercise any supervision, control or authority over the work performed by Commercial. Harrison was therefore entitled to common-law indemnification *(see, Kelly v Diesel Constr. Div.,* 35 NY2d 1, 6). Furthermore,

because Commercial exercised exclusive authority over the work and there has been no showing of fault on the part of Harrison, the indemnification clause in the contract between Harrison and Commercial must be enforced *(see, Brown v Two Exch. Plaza Partners,* 76 NY2d 172). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Denman, P. J., Green, Fallon, Callahan and Boehm, JJ.