■ GEORGE LATTA et al., Respondents, v IRONWIL ASSOCIATES et al., Respondents-Appellants, and 120 NORTHGATE ROAD, INC., Doing Business as D & S ELECTRIC, Appellant-Respondent. [632 NYS2d 1018] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied that part of the motion by defendants Ironwil Associates, DeJager Construction, Inc., and The Limited (defendants) for summary judgment dismissing the complaint. The record shows that plaintiffs raised an issue of fact whether defendants supervised and controlled the work site so as to support plaintiffs' Labor Law §§ 200 and 241 (6) causes of action. The court erred, however, in granting that part of defendants' motion that sought conditional summary judgment against codefendant 120 Northgate Road, Inc., based on common-law and contractual indemnification. Because the submissions show that the liability of defendants may be based on their supervision and control of the work site, rather than being purely statutory and vicarious, defendants are not entitled to summary judgment based on common-law indemnification (cf., Pietsch v Moog, Inc., 156 AD2d 1019, 1021; see, Kirkby v Chautauqua Inst., 178 AD2d 929, 930). Likewise, summary judgment based on contractual indemnification is barred by the existence of triable issues of fact regarding whether the injuries to plaintiff were the result of the negligent actions of defendants (see, Brown v Two Exch. Plaza Partners, 76 NY2d 172, 178-181). (Appeal from Order of Supreme Court, Monroe County, Ark, J.—Indemnification.) Present—Pine, J. P., Lawton, Callahan, Balio and Davis, JJ.