■ THOMAS EASTMAN, Plaintiff, v VOLPI MANUFACTURING USA, Co., Defendant, and MURNANE BUILDING CONTRACTOR, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent. FALSO HEATING AND SHEET METAL Co., INC., Third-Party Defendant-Respondent-Appellant. [645 NYS2d 214] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff, an employee of third-party defendant, Falso Heating and Sheet Metal Co., Inc. (Falso), sustained injuries to his elbow when the overturned pail upon which he was standing to take measurements incidental to the installation of duct work overturned and he fell. Supreme Court properly denied that portion of the cross motion of defendant and third-party plaintiff Murnane Building Contractor, Inc. (Murnane), the general contractor on the construction project owned by defendant Volpi Manufacturing USA, Co. (Volpi), for a conditional order of contractual indemnification against Falso. Pursuant to the subcontract with Murnane, Falso must indemnify Murnane for any claim arising out of the performance of the subcontract provided that the claim is attributable to bodily injury caused in whole or in part by the negligence of Falso. The record contains no evidence of negligence on the part of Falso; therefore, summary judgment was properly denied (*see, Gillmore v Duke/Fluor Daniel*, 221 AD2d 938; *Baskewicz v Rochester Gas & Elec. Corp.*, 217 AD2d 922; *Hayes v Crane Hogan Structural Sys.*, 191 AD2d 978, 979).

The court properly denied that portion of Murnane's cross motion for a conditional order of common-law indemnification against Falso. A party is not entitled to common-law indemnification if its liability is other than vicarious (*see, Latta v Ironwil Assocs.*, 219 AD2d 822; *Loper v City of Rochester*, 209 AD2d 1052, 1053; *Hayes v Crane Hogan Structural Sys., supra*, at 979; *Dewitt v Pizzagalli Constr. Co.*, 183 AD2d 991, 992). Falso presented sufficient evidence that negligence on the part of Murnane caused or contributed to plaintiff's injuries to preclude summary judgment on this issue (*cf., Malecki v Wal-Mart Stores*, 222 AD2d 1010).

The allegations set forth in the third-party complaint are insufficient to plead causes of action for breach of contractual

provisions requiring Falso to provide a defense to Murnane in plaintiff's action and to provide insurance for Murnane for any claims arising out of the performance of the subcontract (*see, Atkinson v Mobil Oil Corp.,* 205 AD2d 719, 720). Thus, we reject Murnane's contention that Falso waived various defenses to those causes of action by failing to plead them in its answer (*see,* CPLR 3018 [b]). In the interest of judicial economy, we treat that portion of Murnane's cross motion for summary judgment on those causes of action as a cross motion to amend the third-party complaint to add those causes of action, we treat the papers submitted by Falso in opposition to Murnane's cross motion as a cross motion to amend Falso's answer to include those defenses, and we grant the cross motions to amend.

We agree with the court that questions of fact exist concerning Falso's defenses of waiver, precluding summary judgment to Murnane on its cause of action alleging that Falso breached its contract to provide insurance coverage (*see, Hayes v Crane Hogan Structural Sys., supra,* at 979). The court erred, however, in granting that portion of the cross motion of Murnane for summary judgment on its cause of action alleging that Falso was required to provide Murnane with a defense in plaintiff's action. The terms of the subcontract require that Falso defend Murnane against a claim arising out of the performance of the subcontract, but only in the event that the damages upon which the claim is based result from Falso's negligence. Because the record contains no evidence of negligence by Falso, summary judgment on that issue was premature.

Because Volpi and Murnane have not appealed from those portions of the order denying their cross motion and motion for summary judgment dismissing the complaint, we have neither reviewed nor do we pass upon the merits of the complaint. (Appeals from Order of Supreme Court, Onondaga County, Hayes, J.—Indemnification.) Present—Denman, P. J., Lawton, Wesley, Doerr and Balio, JJ.