■ CHARLES W. BRUTCHER et al., Plaintiffs, v DALLAS HOMES, INC., Defendant and Third-Party Plaintiff-Appellant. J & P CUSTOM MASONRY, Third-Party Defendant-Respondent. [656 NYS2d 991] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied the motion of third-party plaintiff, Dallas Homes, Inc. (Dallas), for partial summary judgment against third-party defendant, J & P Custom Masonry (J & P). Dallas, the general contractor on a residential construction project, seeks common-law indemnification from J & P, its masonry subcontractor, for liability imposed upon Dallas under Labor Law § 240 (1) as the result of injuries sustained by Charles W. Brutcher (plaintiff), a J & P employee. Dallas met its initial burden on the motion by submitting proof that it did not supervise, direct or control J & P's work (*see, Hayes v Crane Hogan Structural Sys.*, 191 AD2d 978; *Damon v Starkweather*,

185 AD2d 633). In response, J & P submitted evidence that the failure of plaintiff's scaffold resulted from a defective condition of the premises rather than a defect in J & P's materials or methods of work (*see, Miller v Wilmorite, Inc.*, 231 AD2d 843). J & P thereby raised a triable issue of fact whether Dallas's liability is solely vicarious (*cf., Paterson v Hennessy*, 206 AD2d 919; *Allman v Ciminelli Constr. Co.*, 184 AD2d 1022; *see also, Miller v Wilmorite, Inc., supra*). (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Summary Judgment.) Present—Denman P. J., Green, Pine, Balio and Boehm, JJ.