■ JAMES GOLDA et al., Plaintiffs, v HUTCHINSON ENTERPRISES, Doing Business as KWIK STOP FOOD MART, et al., Defendants. HUTCHINSON ENTERPRISES, Doing Business as KWIK STOP FOOD MART, Third-Party Plaintiff-Appellant-Respondent, v NATIONAL FUEL GAS DISTRIBUTION CORPORATION, Third-Party Defendant-Respondent-Appellant. [668 NYS2d 816] —Order unanimously modified on the law and as modified affirmed with costs to third-party plaintiff in accordance with the following Memorandum: In this Labor Law case, plaintiffs were granted partial summary judgment on their Labor Law § 240 (1) cause of action against defendant and third-party plaintiff, Hutchinson Enterprises, doing business as Kwik Stop Food Mart (Hutchinson) (*see, Golda v Hutchinson Enters.*, 219 AD2d 803). Hutchinson has since settled with plaintiffs and now appeals from that part of an order that denied its motion for summary judgment on its third-party complaint seeking common-law indemnification from third-party defendant, National Fuel Gas Distribution Corporation (National Fuel), the employer of James Golda (plaintiff). National Fuel cross-appeals from that portion of the same order that denied its motion for summary judgment dismissing the third-party complaint based on the recent amendments to Workers' Compensation Law § 11.

We conclude that Supreme Court erred in denying Hutchinson's motion for summary judgment. As a matter of law, Hutchinson did not supervise, direct, or control plaintiff or his work. Absent proof that Hutchinson's fault or liability was other than passive or vicarious, Hutchinson is entitled to common-law indemnification from National Fuel as a consequence of National Fuel's failure properly to instruct, train, equip or supervise plaintiff (*see, Mount v Gamble Mach.*, 209 AD2d 957, *lv dismissed* 85 NY2d 967; *Schultz v Harrison Radiator Div.*, 209 AD2d 956; *Paterson v Hennessey*, 206 AD2d 919).

With respect to National Fuel's cross appeal, the recent amendments to Workers' Compensation Law § 11 have no retroactive application to cases pending on the effective date of the amendments (*see, Stein v Yonkers Contr.*, 244 AD2d 476; *Matie v Sealed Air Corp.*, 242 AD2d 863; *Massella v Partner Indus. Prods.*, 242 AD2d 870; *Majewski v Broadalbin-Perth Cent. School Dist.*, 231 AD2d 102; *Morales v Gross*, 230 AD2d 7). Because those amendments thus constitute no defense to the third-party action, National Fuel's cross motion for summary judgment was properly denied. (Appeals from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Balio, Boehm and Fallon, JJ.