■ MICHAEL A. LEO et al., Respondents, v ARTCO CONTRACTING, INC., et al., Appellants, and JOHN CLARK et al., Respondents. ARTCO CONTRACTING, INC., Third-Party Plaintiff, v NIAGARA ERECTING, INC., Third-Party Defendant-Appellant. F.L. HEUGHES & Co., INC., Third-Party Plaintiff, v NIAGARA ERECTING, INC., Third-Party Defendant-Appellant. (Appeal No. 1.) [697 NYS2d 808] —Order unanimously reversed on the law

without costs and motion denied. Memorandum: Michael A. Leo (plaintiff), an employee of third-party defendant, Niagara Erecting, Inc. (Niagara), was injured when he fell approximately 40 feet while erecting a beam of structural steel. Plaintiffs allege that plaintiff fell when struck by a beam of iron or steel that was being hoisted by a crane to his location. It is undisputed that plaintiff was not tied off to a safety line or other object at the time of the accident. Because factual issues exist whether adequate and proper safety devices were provided to protect plaintiff from falling, Supreme Court erred in granting plaintiffs' motion for partial summary judgment on liability under Labor Law § 240 (1) (*see, Kulp v Gannett Co.* [appeal No. 1], 259 AD2d 969). Thus, we reverse the order in appeal No. 1 and deny plaintiffs' motion.

The court also erred in granting the cross motion of defendant-third-party plaintiff Artco Contracting, Inc. (Artco) for summary judgment seeking a conditional order of common-law indemnification against Niagara. Factual issues exist whether Artco was negligent in conducting the safety meeting on the morning prior to plaintiff's accident and in advising ironworkers regarding the weather that day, thereby precluding summary judgment on the issue of Artco's entitlement to common-law indemnification (*see, Eastman v Volpi Mfg. USA*, 229 AD2d 913). Thus, we modify the order in appeal No. 2 by denying the cross motion of Artco. (Appeals from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Scudder and Balio, JJ.