■ DAVID CARPENTER, Respondent, v 149 EDISON STREET, INC., Doing Business as LONESTAR CONSTRUCTION, Defendant and Third-Party Plaintiff-Respondent. CIR ELECTRICAL CONSTRUCTION CORP., Third-Party Defendant-Appellant. [703 NYS2d 624] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied the motion of third-party defendant, CIR Electrical Construction Corp. (CIR), for summary judgment dismissing the third-party complaint of defendant-third-party plaintiff, 149 Edison Street, Inc., doing business as Lonestar Construction (149 Edison). Plaintiff, an employee of CIR, was injured when he fell in a trench that was covered with a tarp and further obscured by snow. While CIR and 149 Edison submitted proof that they did not create the condition that led to plaintiff's injuries, issues of fact remain concerning the active fault of CIR in the supervision of plaintiff (*see, Golda v Hutchinson Enters.*, 247 AD2d 863).

The court also properly denied the motion of 149 Edison for summary judgment dismissing the Labor Law § 241 (6) claim. We agree with the court that the regulation relied on by plaintiff, 12 NYCRR 23-1.7 (b) (1), "provides specific standards regarding the placement of a substantial cover or safety railing to guard hazardous openings" (*Riley v Stickl Constr. Co.*, 242 AD2d 936). We further conclude that the regulation applies to the facts of this case and reject CIR's contention that the regulation is limited to cases involving openings five feet or greater. (Appeal from Order of Supreme Court, Erie County, Burns, J.—Summary Judgment.) Present—Green, A. P. J., Hayes, Wisner and Balio, JJ.