David LANEUVILLE, Plaintiff,

v.

GENERAL MOTORS CORPORATION; General Motors Corporation Central Foundries Division; General Motors Corporation Power Train Division; and OHM Remediation Services, Inc., Defendants/Third–Party Plaintiffs,

v.

Kirk Bros. Co., Inc., Third–Party Defendant.

No. 97–CV–1862.

United States District Court, N.D. New York.

April 18, 2000.

Setright, Ciabotti & Longstreet, Syracuse, NY, for plaintiff, John C. Setright, of counsel.

Sugarman, Wallace, Manheim & Schoenwald, LLP, Buffalo, NY, for defendants/third-party plaintiffs, Daniel T. Cavarello, of counsel.

Costello, Cooney & Fearon, LLP, Syracuse, NY, for third-party defendant, Daniel P. Fletcher, of counsel.

## MEMORANDUM–DECISION & ORDER

McAVOY, District Judge.

Defendants/Third–Party Plaintiffs General Motors Corporation, General Motors Corporation Central Foundries Division, General Motors Corporation Power Train Division ("General Motors") and OHM Remediation Services, Corp.[1] ("OHM") (collectively "Defendants" or "Third–Party Plaintiffs") presently move the Court for summary judgment seeking full contractual indemnification from Kirk Bros. Co., Inc., a third-party defendant in this action.

## I. Background and Procedural History

This action arises out of injuries sustained by Plaintiff, an employee of Kirk Bros. Co., Inc. ("Kirk"), in connection with a work-related accident at a PCB remediation project at General Motors' facility in Massena, New York ("GM Project").[2]

On or about August 1997, Plaintiff commenced an action in New York State Supreme Court against General Motors alleging negligence and violations of N.Y.LAB. LAW §§ 200, 240(1), and 240(6). *See* Notice of Motion for Summary Judgment at Ex. A. In connection with that action, Plaintiff sought compensatory damages for pain and suffering resulting from permanent injuries sustained in the accident. *See id.* On or about September 1997, Plaintiff filed an Amended Complaint against General Motors alleging substantially the same claims raised in the original complaint. *See id.* at Ex. B.

On or about September 1997, Plaintiff commenced a separate action in New York State Supreme Court against OHM alleging negligence and violations of N.Y.LAB. LAW §§ 200, 240(1), and 240(6). *See id.* at Ex. C. Similar to the action commenced against General Motors, Plaintiff sought compensatory damages for pain and suffering resulting from permanent injuries sustained in the accident. *See id.* On or about December 1997, only the action against OHM was removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446. *See id.* at Ex. D; *see also* Letter of Michael Maxwell, Esq. dated September 18, 1998 (Docket No. 9). On September 21, 1998, Plaintiff filed an Amended Complaint with this Court naming both General Motors and OHM as defendants and alleging claims of negligence and violations of N.Y.LAB.LAW §§ 200, 240(1), and 241(6). *See* Amended Compl. at ¶ 7. Plaintiff seeks compensatory damages for past and future pain and suffering in connection with permanent injuries he allegedly sustained in the accident at issue. *See id.* at ¶ 8.

On October 21, 1998, General Motors and OHM filed a third-party Complaint against Kirk, the subcontractor on the GM Project, seeking contractual indemnification and incorporating by reference the

---

1. Defendant/Third–Party Plaintiff OHM Remediation Services Corp. was apparently incorrectly named in the original complaint as "OHM Remediation Services, Inc." *See* Notice of Motion for Summary Judgment (Docket No. 36).

2. Plaintiff claims his injuries occurred "during the process of scraping OHM's barge or mudcat." Affidavit of Daniel Fletcher, Esq., at ¶ 4.

General Subcontract Agreement dated June 6, 1994 ("General Agreement") and the Subcontract Labor Purchase Agreement dated September 13, 1994 ("Subcontract Agreement").[3] *See* Third–Party Compl. at ¶¶ 2–5, Exs. B, C. In its Answer, Kirk brings counterclaims against General Motors and OHM for negligence and contractual indemnification. *See* Answer at ¶¶ 11–14. On March 10, 1999, third-party plaintiffs filed an Amended Complaint against Kirk. *See* Docket No. 27.

Having summarized the procedural history surrounding the instant dispute, the Court will now turn to third-party plaintiffs' motion.

## II. Discussion

Third-party plaintiffs General Motors and OHM move for summary judgment seeking contractual indemnification over and against third-party defendant Kirk in connection with injuries sustained by Plaintiff while employed for Kirk on the GM Project. Specifically, General Motors and OHM rely on the following indemnification provision contained in the Subcontract Agreement executed by the parties:

A. To the fullest extent not prohibited by law, [Kirk] shall indemnify, save and hold harmless ... OHM ... from and against any and all claims, demands, suits, actions, recoveries, judgments and costs and expenses ... in connection with loss of life, injury to person or damage to property of any person ... *that arises out of, in the course of, or as a consequence of any negligent act or omission of [Kirk]*, its employees, sub-

contractors or agents in the performance of the Work, *but only to the extent of such negligence,* or by [Kirk's] failure to comply with any term or condition of this [Subcontract] Agreement, or any provision of law. [Kirk's] liability for such indemnity shall continue after the termination of this Agreement with respect to any liability, loss, expense or damage resulting from any acts occurring prior to termination. This indemnification obligation is not limited by, but is in addition to, the insurance obligations contained in this [Subcontract] Agreement.

Subcontract Agreement at § 11(A) (dated September 13, 1994) (emphasis added) (attached to Affidavit of Daniel T. Cavarello, Esq. at Ex. P).[4]

Thus, third-party plaintiffs principally argue that because the record reveals that Plaintiff's injuries were caused by Kirk's negligence and its failure to comply with applicable provisions of New York Labor Law, absent independent negligence on the part of either General Motors or OHM, General Motors and OHM are entitled to contractual indemnification from Kirk. *See* Third–Party Pls.Mem. of Law at 2–7. In response, Kirk advances four grounds for denying third-party plaintiffs' motion for contractual indemnification: (1) the indemnification provision is conditioned on a finding of Kirk's negligence, for which factual issues remain that must be resolved at trial; (2) factual issues remain regarding General Motors' and OHM's direction, supervision and control over employees of

---

3. Although not expounded upon by the parties, third-party plaintiff OHM and third-party defendant Kirk "share a common ancestry." Affidavit of Daniel Fletcher, Esq. at ¶ 6. It appears that both companies were founded by the same person and Kirk is currently run by Richard Kirk and OHM was run by brother James Kirk from 1983 (when OHM split off from Kirk Bros. and went public) until 1998. *See id.*

4. The Subcontract Agreement contains a similar provision requiring OHM to indemnify Kirk for injuries resulting from OHM's negli-

gent actions. *See* Subcontract Agreement at § 11(B). In its opposition papers, Kirk references a second agreement previously executed by the parties on June 6, 1994 (the General Agreement). *See* Third–Party Def.Mem. of Law at 1; *see also* Notice of Motion for Summary Judgment at Ex. O. That agreement, which contains an indemnification provision similar to the one found in the Subcontract Agreement, also conditions indemnification on a finding of Kirk's negligence. *See* General Agreement at ¶ 5.

Kirk; (3) N.Y. Workers' Comp.Law § 11 precludes third-party plaintiffs' claim for indemnification; and (4) violations of New York Labor Law cannot form the basis of third-party plaintiffs' claim for contractual indemnification. *See* Third–Party Def. Mem. of Law at 1–6. In deciding Defendants' motion for summary judgment, the Court will apply the well-settled standards applicable to such motions as set forth in its numerous decisions. *See Dyke v. McCleave*, 79 F.Supp.2d 98, 102–03 (N.D.N.Y.2000); *Frink Am., Inc. v. Champion Road Mach. Ltd.*, 62 F.Supp.2d 679, 681–82 (N.D.N.Y.1999); *Emma v. Schenectady City Sch. Dist.*, 28 F.Supp.2d 711, 717–18 (N.D.N.Y.1998), *aff'd*, 199 F.3d 1322 (1999) (Table).

As a threshold matter, the Court notes that the parties do not argue that the indemnification provision at issue is ambiguous. Accordingly, the construction of that provision is a matter of law for the Court. *See Terwilliger v. Terwilliger*, 206 F.3d 240, 244 (2d Cir.2000) ("A court may neither rewrite, under the guise of interpretation, a term of the contract when the term is clear and unambiguous, nor redraft a contract to accord with its instinct for the dispensation of equity upon the facts of a given case.") (internal citations omitted); *Wald v. Marine Midland Bus. Loans, Inc.*, 704 N.Y.S.2d 564, 565 (1st Dep't 2000) (citing *West, Weir & Bartel, Inc. v. Mary Carter Paint Co.*, 25 N.Y.2d 535, 540, 307 N.Y.S.2d 449, 255 N.E.2d 709 (1969) ("The rule ... is well settled that the construction of a plain and unambiguous contract is for the court to pass on, and that circumstances extrinsic to the agreement will not be considered when the intention of the parties can be gathered from the instrument itself.")); *Raino v. Navigators Ins. Co.*, 702 N.Y.S.2d 94, 95 (2d Dep't 2000). In cases where courts are required to evaluate an indemnification provision, the New York Court of Appeals has stated:

> When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed. The promise should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances.

*Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 74 N.Y.2d 487, 491–92, 549 N.Y.S.2d 365, 548 N.E.2d 903 (1989); *see also Weissman v. Sinorm Deli, Inc.*, 88 N.Y.2d 437, 446, 646 N.Y.S.2d 308, 669 N.E.2d 242 (1996).

By the plain terms of the indemnification provision contained in the Subcontract Agreement, Kirk, the subcontractor, is required to indemnify OHM, the general contractor, for all claims and damages to the extent that the injury or loss was caused by a negligent act or omission of Kirk or Kirk's violation of the applicable provisions of New York Labor Law. *See* Subcontract Agreement at § 11; *see also Edwards v. International Bus. Machs. Corp.*, 174 A.D.2d 863, 571 N.Y.S.2d 155, 157 (3d Dep't 1991) ("By its terms, [the indemnification provision in the contract] unequivocally manifests the contracting parties' intention that IBM is to be indemnified only for those losses flowing from Bell's negligence.") (citation omitted). Third-party plaintiffs argue that "[t]he substantial discovery in this case has revealed no evidence of any independent negligence by either OHM or [General Motors]." Third–Party Pls.Mem. of Law at 6. However, General Motors and OHM fail to demonstrate an absence of material issues of fact with respect to Kirk's negligence; rather, third-party plaintiffs assume that because they were not negligent, it necessarily follows that it was Kirk's negligence that caused Plaintiff's injuries. *See id.* at 7. Such a conclusion is unsupported by the record currently before the Court. Whether third-party plaintiffs' contractual right of indemnification "will in fact be triggered is uncertain at this point for it turns on something that is presently unknown, namely, whether

[Kirk] was negligent and, if so, whether its negligence was a proximate cause of the accident." *Edwards*, 571 N.Y.S.2d at 157. Accordingly, because factual issues remain concerning whether Plaintiff's injuries were causes by Kirk's negligence (or violations of the applicable provisions of New York Labor Law), third-party plaintiffs are not entitled to summary judgment with respect to its cause of action for contractual indemnity. *See Baskewicz v. Rochester Gas & Elec. Corp.*, 217 A.D.2d 922, 629 N.Y.S.2d 888, 889 (4th Dep't 1995); *Hayes v. Crane Hogan Structural Sys.*, 191 A.D.2d 978, 594 N.Y.S.2d 923, 924 (4th Dep't 1993); *Edwards*, 571 N.Y.S.2d at 157.

## III. CONCLUSION

For all of the foregoing reasons, Defendants/Third–Party Plaintiffs' motion for summary judgment seeking contractual indemnification is **DENIED.**

**IT IS SO ORDERED.**