■ LAWRENCE E. COLYER et al., Plaintiffs, v K MART CORPORATION et al., Defendants and Third-Party Plaintiffs-Respondents. LARRY COLYER MASONRY, INC., Third-Party Respondent, and MARGRET M. DIEHL, Doing Business as MIRAGE DEVELOPMENT, Third-Party Defendant-Appellant. [709 NYS2d 758] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Third-party defendant Margret M. Diehl, doing business as Mirage Development (Mirage), appeals from those portions of an order that granted the motion of defendants and third-party plaintiffs, K Mart Corporation (K Mart) and Dominick P. Massa and Sons, Inc. (Massa), for summary judgment on their third-party claims against Mirage seeking common-law and contractual indemnification and that denied the motion of Mirage for summary judgment on its cross claim seeking common-law indemnification from third-party defendant Larry Colyer Masonry, Inc. (LCM). Supreme Court erred in granting that part of the motion of K Mart and Massa seeking summary judgment on their third-party claim for contractual indemnification. The indemnification provision is triggered

only in the event of a finding of negligence on the part of Mirage or its agents, employees or subcontractors. There is no basis in the record to find such negligence as a matter of law (*see, Malecki v Wal-Mart Stores,* 222 AD2d 1010, 1011; *Baskewicz v Rochester Gas & Elec. Corp.,* 217 AD2d 922, 923; *Hayes v Crane Hogan Structural Sys.,* 191 AD2d 978, 979; *Stimson v Lapp Insulator Co.,* 186 AD2d 1052, 1053), and thus we modify the order by denying that part of the motion.

The court properly granted, however, that part of the motion of K Mart and Massa for summary judgment on their third-party claim for common-law indemnification. The right of common-law indemnification belongs to parties determined to be vicariously liable without proof of any negligence or active fault on their own part (*see, Kemp v Lakelands Precast,* 55 NY2d 1032, 1034; *Kelly v Diesel Constr. Div.,* 35 NY2d 1, 5-7). As a matter of law, K Mart and Massa are such parties, given their demonstrated lack of supervision, direction or control over the work (*see, Kemp v Lakelands Precast, supra,* at 1034; *Livecchi v Eastman Kodak Co.,* 258 AD2d 916; *Aman v Federal Express Corp.,* 247 AD2d 879, 880). An owner's or contractor's general authority to coordinate the work and monitor its progress and safety conditions is not a basis for denying common-law indemnification (*see, Siago v Garbade Constr. Co.,* 262 AD2d 945; *Boshnakov v Higgins-Kieffer, Inc.,* 255 AD2d 983). The obligation of common-law indemnification runs against those parties who, by virtue of their direction and supervision over the injury-producing work, were actively at fault in bringing about the injury (*see, Felker v Corning Inc.,* 90 NY2d 219, 226; *Glielmi v Toys "R" Us,* 62 NY2d 664, 666-667; *Frank v Meadowlakes Dev. Corp.,* 256 AD2d 1141, 1143). As a matter of law, Mirage is such a party, given the uncontroverted evidence that it had the contractual obligation to supervise and control the work (*see, Felker v Corning Inc., supra,* at 226; *Golda v Hutchinson Enters.,* 247 AD2d 863). We nonetheless further modify the order by deleting the word "conditional" from the second ordering paragraph. Plaintiffs were awarded summary judgment on liability against Massa and K Mart, and Mirage is obligated at common law to indemnify K Mart and Massa for their costs incurred in defense of plaintiffs' action (*see, Chapel v Mitchell,* 84 NY2d 345, 347-348) irrespective of whether defendants ultimately are ordered to pay damages to plaintiffs (*see, Reynolds v Ciminelli-Walbridge,* 261 AD2d 839, 840).

The court properly denied the motion of Mirage for summary judgment on its cross claim seeking common-law indemnification from LCM. Mirage has been held, as a matter of law, to be

obligated to indemnify K Mart and Massa. Because indemnification runs only in favor of a party not actively at fault against a party actively at fault, Mirage is not entitled to common-law indemnification from LCM (*cf., Leo v Artco Contr.*, 266 AD2d 808; *Szymanski v Nabisco, Inc.*, 256 AD2d 1154, 1155; *Eastman v Volpe Mfg. USA, Co.*, 229 AD2d 913). The relative responsibility of those two entities raises an issue of apportionment or contribution (*see generally, Rosado v Proctor & Schwartz*, 66 NY2d 21, 23-25). (Appeal from Order of Supreme Court, Ontario County, Scudder, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Wisner and Kehoe, JJ.