■ MARK E. SAUER et al., Plaintiffs, v XEROX CORPORATION, Respondent, and BOLDT CONSTRUCTION COMPANY, Appellant, et al., Defendant. [731 NYS2d 105] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly granted the motion of defendant-third-party plaintiff Xerox Corporation (Xerox) seeking attorney's fees and costs associated with its defense of the underlying Labor Law action. Pursuant to a contract between Xerox, the owner of the premises, and defendant and third-party plaintiff The Boldt Construction Company (Boldt), the construction manager, Boldt was obligated to indemnify Xerox for attorney's fees and costs incurred in the defense of an action arising out of the work of Boldt or its subcontractors. Plaintiff Mark E. Sauer, the employee of an electrical subcontractor, was injured when he fell into an open trench at the construction site. In accordance with a conditional order of indemnification granted in 1997, Boldt assumed the defense of Xerox. Boldt eventually settled the underlying action, without the knowledge of Xerox. When Xerox thereafter learned of the settlement, Xerox demanded that Boldt pay its attorney's fees and costs and, when Boldt refused, brought this motion.

Boldt contends that the court erred in granting the motion of Xerox because there is no finding of negligence, liability, or admission of fault on the part of Boldt in the conditional order of indemnification, and the conditional order is unenforceable

in the absence of such a finding or an admission in the stipulation of discontinuance. We disagree. The propriety of the conditional order is not before us and that order obligated Boldt to pay those attorney's fees and costs irrespective of whether Boldt was ordered to pay damages or admitted fault (*see, Colyer v K Mart Corp.*, 273 AD2d 809, 810). (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Burns and Gorski, JJ.