Ignatowski v Ledgestone Vil. LLC (2025 NY Slip Op 05606)

Ignatowski v Ledgestone Vil. LLC

2025 NY Slip Op 05606

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, GREENWOOD, AND HANNAH, JJ.

731 CA 24-00840

[*1]MATTHEW IGNATOWSKI, PLAINTIFF,

v

LEDGESTONE VILLAGE LLC, DEFENDANT. ———————————————————————- LEDGESTONE VILLAGE LLC, THIRD-PARTY PLAINTIFF-RESPONDENT,
LJ CONSTRUCTION, INC., THIRD-PARTY DEFENDANT-APPELLANT.

BAXTER & SMITH, P.C., BUFFALO (BRYAN R. FORBES OF COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT.

ADDELMAN CROSS & BALDWIN, P.C., BUFFALO (JESSE B. BALDWIN OF COUNSEL), FOR THIRD-PARTY PLAINTIFF-RESPONDENT.

Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered May 7, 2024. The order granted the motion of defendant-third-party plaintiff insofar as it sought conditional summary judgment with respect to liability on the common-law indemnification cause of action.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages arising from injuries he allegedly sustained while using a table saw to cut vinyl flooring planks on a construction site. At the time of the accident, plaintiff was an employee of third-party defendant LJ Construction WNY LLC, incorrectly sued as LJ Construction, Inc. (LJ Construction), a general contractor engaged in the construction of a six-unit residential apartment building on property owned by defendant Ledgestone Village LLC (Ledgestone), an entity formed solely for the purpose of holding title to the property. Ledgestone and LJ Construction both were solely owned by the same individual (owner).

After plaintiff commenced this action against Ledgestone, asserting causes of action for common-law negligence and the violation of Labor Law §§ 200 and 241 (6), Ledgestone filed a third-party complaint against LJ Construction asserting causes of action for common-law indemnification and contribution on the basis that LJ Construction was the negligent party and controlled and supervised plaintiff's work. Supreme Court granted Ledgestone's ensuing motion insofar as it sought conditional summary judgment with respect to liability on the common-law indemnification cause of action. LJ Construction appeals, and we affirm.

Common-law indemnity is an equitable doctrine that imposes indemnity obligations upon the party at fault for bringing about an injury where another party is held vicariously liable for that injury (see Rosado v Proctor & Schwartz, 66 NY2d 21, 24 [1985]; see also McCarthy v Turner Constr. Inc., 17 NY3d 369, 375 [2011]). Inasmuch as common-law indemnification is meant to shift the loss of an innocent party to the party at fault, it is not available to a party whose negligence contributed to the injury (see Divens v Finger Lakes Gaming & Racing Assn., Inc., LP, 151 AD3d 1640, 1643 [4th Dept 2017]), or one that directed or supervised the injury-causing [*2]activity (see Lostracco v Lewiston-Porter Cent. Sch. Dist., 224 AD3d 1248, 1249 [4th Dept 2024]). Consequently, a party seeking common-law indemnification must establish that "it has been held to be vicariously liable without proof of any negligence or actual supervision on its own part" (McCarthy, 17 NY3d at 377-378). However, "[a]n owner's or contractor's general authority to coordinate the [injury-causing] work and monitor its progress and safety conditions is not a basis for denying common-law indemnification" (Colyer v K Mart Corp., 273 AD2d 809, 810 [4th Dept 2000]; see also Niethe v Palombo, 283 AD2d 967, 968 [4th Dept 2001]).

Here, contrary to LJ Construction's contention on appeal, in support of the motion, Ledgestone made a prima facie showing that it did not supervise or control the injury-causing work. Ledgestone submitted evidence that it was an entity created two weeks prior to the accident solely for the purpose of holding title to the property. At the time of the accident, Ledgestone also did not have any employees (see DePillo v Greater Auburn Land Co., 236 AD2d 863, 864 [4th Dept 1997]), and it is undisputed that the person who owned Ledgestone, the only member of that entity, was not present at the worksite before or during the accident (see Brickel v Buffalo Mun. Hous. Auth., 280 AD2d 985, 985-986 [4th Dept 2001]).

Additionally, we conclude that Ledgestone satisfied its initial burden of showing that LJ Construction did, in fact, exercise actual supervision or control over the work that resulted in plaintiff's injury. Specifically, Ledgestone established that LJ Construction hired plaintiff, gave him work orders on the jobsite, and furnished all equipment and supplies at the worksite where it was solely responsible for directing and controlling plaintiff's work. Ledgestone also established that LJ Construction hired and employed every person working at the site on the day of the accident, including plaintiff and plaintiff's supervisor. Indeed, LJ Construction had hired both plaintiff and his supervisor prior to Ledgestone's existence. Further, on the day of the accident, plaintiff took orders from that supervisor, an LJ Construction employee and foreman, who was responsible for running the job and also training plaintiff on how to use the table saw. The supervisor also set up the table saw that caused the injury and instructed plaintiff on how to use the table saw to cut the flooring planks. Thus, Ledgestone submitted ample evidence establishing that LJ Construction actually supervised and directed the injury-causing work (see DePillo, 236 AD2d at 863-864; see also Damon v Starkweather, 185 AD2d 633, 633-634 [4th Dept 1992]).

We further conclude that, in opposition, LJ Construction failed to raise a genuine issue of material fact with respect to whether Ledgestone—and not it—actually controlled, directed or supervised the injury-producing work (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Specifically, we reject LJ Construction's contention that there are questions of fact whether the owner was acting on behalf of Ledgestone or LJ Construction when he purportedly exercised supervision and control over the injury-producing work. Among other things, the owner's actions included: directing plaintiff when and where to work on the property, purchasing the table saw that caused the accident, observing the table saw on the jobsite, and having the final authority with regard to replacing any worn or defective equipment such as the unguarded table saw. In our view, none of those facts supports the conclusion that the owner, individually, directly controlled or supervised the injury-producing work, let alone that he was acting solely on behalf of Ledgestone. For example, even assuming, arguendo, that the owner was acting on behalf of Ledgestone, we conclude that the fact that the owner directed plaintiff where to go and told him generally what tasks to perform does not establish actual supervision or control, inasmuch as "[a]n owner's or contractor's general authority to coordinate the [injury-causing] work and monitor its progress and safety conditions is not a basis for denying common-law indemnification" (Lostracco, 224 AD3d at 1249; see Colyer, 273 AD2d at 810; see also Niethe, 283 AD2d at 968). That the owner, at times, told plaintiff generally what tasks to perform is not the same as controlling, directing or supervising "the manner in which plaintiff performed his work" (DePillo, 236 AD2d at 864). Most importantly, there is no evidence that the owner told plaintiff what tasks to perform or how to perform them on the day of the accident (see id.).

We have considered LJ Construction's remaining contentions and conclude that they are without merit.

Entered: October 10, 2025

Ann Dillon Flynn

Clerk of the Court