Lamica v Siskar (2025 NY Slip Op 07152)

Lamica v Siskar

2025 NY Slip Op 07152

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, GREENWOOD, AND HANNAH, JJ.

854 CA 24-01897

[*1]MICHAEL LAMICA, II, PLAINTIFF-RESPONDENT-APPELLANT,
vPATRICIA A. SISKAR AND BAKK VENTURES, LLC, DEFENDANTS-APPELLANTS-RESPONDENTS.

GOLDBERG SEGALLA LLP, BUFFALO (ALBERT J. D'AQUINO OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS. 
BROWN CHIARI LLP, BUFFALO (ERIC M. SHELTON OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 

 Appeal and cross-appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered November 18, 2024. The order denied the motion of defendants for summary judgment dismissing the complaint, granted in part and denied in part the cross-motion of plaintiff for partial summary judgment and dismissed the complaint against defendant Bakk Ventures, LLC, on stipulation. 
It is hereby ORDERED that said appeal insofar as taken by defendant Bakk Ventures, LLC is unanimously dismissed and the order is modified on the law by granting the motion in part and dismissing the first and second causes of action and by denying the cross-motion in its entirety and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking to recover damages for injuries that he sustained when he fell from the roof of a building owned by Patricia A. Siskar (defendant). Plaintiff's employer was a contractor hired to repair the roof. Defendants moved for summary judgment dismissing the complaint, and plaintiff cross-moved for summary judgment on the Labor Law §§ 240 (1) and 241 (6) causes of action against defendant. Supreme Court denied the motion in its entirety, denied the cross-motion with respect to the section 240 (1) cause of action against defendant and granted it with respect to the § 241 (6) cause of action against defendant, and dismissed the complaint against defendant Bakk Ventures, LLC upon stipulation. Defendants appeal, and plaintiff cross-appeals. We note at the outset that the appeal insofar as taken by Bakk Ventures, LLC must be dismissed because it is not aggrieved by the order (see CPLR 5511).
As a preliminary matter, we note that the court erred in denying defendants' motion with respect to the Labor Law § 200 and common-law negligence causes of action against defendant inasmuch as plaintiff abandoned those causes of action by not opposing the motion to that extent and by not addressing those causes of action on appeal (see Parsons v County of Steuben, 240 AD3d 1333, 1337 [4th Dept 2025]; Bacon v Shults Mgt. Group, Inc., 233 AD3d 1481, 1483 [4th Dept 2024]). Consequently, we modify the order accordingly.
Contrary to their contentions on appeal and cross-appeal, neither plaintiff nor defendant established entitlement to judgment as a matter of law with respect to the Labor Law § 240 (1) cause of action against defendant. "Labor Law § 240 (1) requires owners and contractors to construct, place and operate elevation-related safety devices to afford the worker proper protection from the risks inherent in working at an elevated work site" (Ball v Cascade Tissue Group-N.Y., Inc., 36 AD3d 1187, 1188 [3d Dept 2007]; see Spike v Hollands' Lbr. Co., 198 AD2d 891, 891 [4th Dept 1993]; see generally Ward v Cedar Key Assoc., L.P., 13 AD3d 1098, 1098 [4th Dept 2004]). " 'Generally, the issue of whether a particular safety device provided proper protection is a question of fact for the jury' " (Welsch v Maimonides Med. Ctr., [*2]80 AD3d 755, 756 [2d Dept 2011]; see generally Leo v Artco Contr., 266 AD2d 808, 809 [4th Dept 1999]). Here, the parties' submissions raised issues of fact whether the tie-off brackets were properly placed on the roof to provide plaintiff with adequate protection and, if so, whether plaintiff's failure to use the tie-off brackets at the time of the accident was the sole proximate cause of the accident (see Cantineri v Carrere, 60 AD3d 1331, 1333 [4th Dept 2009]; see also Fazekas v Time Warner Cable, Inc., 132 AD3d 1401, 1403 [4th Dept 2015]; see generally Robinson v East Med. Ctr., LP, 6 NY3d 550, 554 [2006]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Contrary to the parties' further contentions on appeal and cross-appeal, we conclude that neither plaintiff nor defendant established entitlement to judgment as a matter of law with respect to the Labor Law § 241 (6) cause of action against defendant (see generally Misicki v Caradonna, 12 NY3d 511, 515 [2009]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 504-505 [1993]). We agree with defendant's alternative contention on appeal that the court erred in granting the cross-motion with regard to that cause of action inasmuch as there are triable issues of fact whether plaintiff was the sole proximate cause of the accident (see Ballard v 300 E. Blvd. Canandaigua LLC, 230 AD3d 1557, 1559 [4th Dept 2024]; Garcia v Emerick Gross Real Estate, L.P., 196 AD3d 676, 678 [2d Dept 2021]; see generally Gurung v Arnav Retirement Trust, 79 AD3d 969, 970 [2d Dept 2010]). We therefore further modify the order accordingly.
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court